OPINION *Page 2 
{¶ 1} In 1992, appellant, Kirk Bros. Co., Inc., was awarded the job of constructing a new water treatment plant for the Village of Mt. Gilead (Contract No. 92-1). Appellant subcontracted with appellees, Burson Trucking, Inc., Jim Burson dba Burson Excavating, and Jim Burson dba Burson Trucking, to deliver the necessary dirt and soil materials for the job.
 {¶ 2} On July 7, 1998, appellees filed a complaint against the Village of Mt. Gilead and appellant for amounts due and owing and unjust enrichment. On November 23, 1998, appellant filed an answer and counterclaim, claiming appellees performed faulty work.
 {¶ 3} On September 3, 1998, appellant filed a motion to dismiss the complaint because appellees had failed to comply with R.C. 153.56 which sets forth the exclusive statutory scheme for recovery of monies due and owing on a public improvement project. A hearing was held on September 30, 1998. By judgment entry filed October 19, 1998, the trial court denied the motion.
 {¶ 4} A bench trial commenced on June 6, 2005 without participation from the Village of Mt. Gilead. Appellant renewed its motion to dismiss the complaint based on R.C. 153.56. By decision and judgment entry filed December 20, 2005, the trial court noted the counterclaim and the Village of Mt. Gilead were dismissed, found the October 19, 1998 judgment entry was law of the case and the remedies under R.C. 153.56
are not exclusive, and granted judgment in favor of appellees as against appellant in the amount of $8,780.51. *Page 3 
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS DETERMINATION THAT THE PROCEDURES AND REMEDIES IN SECTION 153.56 OF THE OHIO REVISED CODE ARE NOT THE EXCLUSIVE REMEDY AVAILABLE TO PLAINTIFF."
 II {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW THROUGH IMPOSITION OF A BURDEN OF PROOF ON KIRK BROS. TO DISPROVE PLAINTIFF'S CASE WHERE THE PLAINTIFF FAILED TO PRESENT EVIDENCE OF CONTRACT PERFORMANCE."
 III {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS DETERMINATION THAT MONIES WERE DUE THE PLAINTIFF; NOTWITHSTANDING KIRK BROS. CO., INC. OVERPAYMENT ON THE CONTRACT BALANCE OF THE PLAINTIFF."
 I {¶ 9} Appellant claims the trial court erred in finding the remedies under R.C. 153.56 are not exclusive. We disagree.
 {¶ 10} R.C. 153.56 governs "[creditor shall furnish statement of amount due; limitation of actions" and states the following in pertinent part: *Page 4 
 {¶ 11} "(A) Any person to whom any money is due for labor or work performed or materials furnished in a public improvement as provided in section 153.54 of the Revised Code, at any time after performing the labor or work or furnishing the materials, but not later than ninety days after the completion of the contract by the principal contractor and the acceptance of the public improvement for which the bond was provided by the duly authorized board or officer, shall furnish the sureties on the bond, a statement of the amount due to the person.
 {¶ 12} "(C) To exercise rights under this section, a subcontractor or materials supplier supplying labor or materials that cost more than thirty thousand dollars, who is not in direct privity of contract with the principal contractor for the public improvement, shall serve a notice of furnishing upon the principal contractor in the form provided in section 1311.261 of the Revised Code.
 {¶ 13} "(D) A subcontractor or materials supplier who serves a notice of furnishing under division (C) of this section as required to exercise rights under this section has the right of recovery only as to amounts owed for labor and work performed and materials furnished during and after the twenty-one days immediately preceding service of the notice of furnishing."
 {¶ 14} As case law indicates, this statutorily created shortened statute of limitations applies only when an action is commenced against the lending company and/or the political subdivision. Thomas Steel, Inc.vs. Wilson Bennett, Inc. (1998), 127 Ohio App.3d 96. *Page 5 
 {¶ 15} Appellees chose not to initiate an action under R.C. 153.56 and sue for breach of contract against the general contractor only. If appellees had chosen to pursue its claims against appellant only, the late filing would have been time barred.
 {¶ 16} This analysis is similar to a materialman who abandons a claim under the Mechanic's Lien Law (R.C. 1311.02) and pursues only a contract/unjust enrichment action.
 {¶ 17} Upon review, we find the trial court did not err in finding the remedies under R.C. 153.56 are not exclusive.
 {¶ 18} Assignment of Error I is denied.
 II {¶ 19} Appellant claims the trial court shifted the burden of proof to it instead of requiring appellees to prove their case. We disagree.
 {¶ 20} The genesis of this assignment is the following statements by the trial court in its December 20, 2005 decision and judgment entry:
 {¶ 21} "The evidence presented at trial was confusing and contradictory. Plaintiff kept very poor records of the work he did, and defendant kept very poor records of what was paid. The burden of proof is on the Plaintiff to show performance on the contract, and the burden is on the Defendant to show payment. In order to reach a decision on the evidence presented at trial the court will consider each claim in the complaint and the documentary and testimonial evidence relevant to that claim. The court will then render a decision on that claim."
 {¶ 22} We fail to find that such an innocuous comment in a judgment entry would warrant a reversal. We find the statement to be a shorthand approach to the burden of *Page 6 
proof and when the burden shifts. However, in reading the trial court's judgment entry as a whole, we find a thorough and thoughtful analysis of all the evidence was given with respect to appellees' burden of proof and appellant's defense of payment in full. Vol. I T. at 76.
 {¶ 23} Upon review, we find the trial court did not shift the burden of proof to appellant.
 {¶ 24} Assignment of Error II is denied.
 III {¶ 25} Appellant claims the trial court erred in determining amounts were due and owing to appellees notwithstanding appellant's claim of overpayment. We disagree except for two changes, one in Claim #1 and the other in Claim #3.
 {¶ 26} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 27} We concur with the trial court's comment that the parties were not the best record-keepers. Appellant admitted to paying appellees without an invoice presented, and paying out separate checks on the same invoice. Vol. I T. at 31. *Page 7 
 {¶ 28} We have examined the four disputed claims allowed by the trial court and find they are substantiated by the evidence.
 {¶ 29} Claim #1 concerns Invoice No. 0879 in the amount of $8,750.60 for the delivery of some limestone, one hour of hoe time, and some demo material hauled to the landfill (Plaintiff's Exhibit A). Vol. II T. at 69. Appellant's office manager, Joyce Phillips, testified she paid this invoice with three separate checks in the amounts of $3,005.80, $3,500.00, and $1,225.00, for a total amount of $7,730.80. Vol. I T. at 111. This would leave a balance due of $1,019.80. Appellee Burson claimed the balance remaining was $1,669.80. Vol. II T. at 73. He agreed with the first two payments, but claimed the third payment was for $575.00. Vol. II T. at 69-72. Although the check was for $1,225.00, $650.00 of the check was for Invoice No. 0893. Vol. II T. at 75. In crediting Invoice No. 0893 $650.00 which we have done infra, the amount due and owing appellees for Invoice No. 0879 is $1,669.80. The trial court awarded appellees $1,700.10, a difference of $30.30, because the trial court erroneously listed the invoice amount as $8,780.90, not the actual amount of $8,750.60.
 {¶ 30} Claim #2 concerns Invoice No. 0880 in the amount of $5,100.00 which included the rental of a backhoe (Plaintiff's Exhibit B). Vol. II T. at 75. Appellee Burson testified he received $1,500.00 for this invoice, leaving a balance due of $3,600.00. Vol. II T. at 74, 79, 93. Ms. Phillips testified the remainder was not included in the summary she prepared because the rental was for a Somerset job, not the Mt. Gilead job. Vol. I T. at 92-93. Appellant never denied the backhoe was used on the Somerset job. Vol. II T. at 75-77. Appellee Burson claimed he permitted appellant to use the rented backhoe on the Somerset job, but was not paid for the rental. Vol. II T. at 76. Ms. Phillips *Page 8 
testified appellees were paid on the Somerset job. Vol. I T. at 120-121. The trial court awarded appellees $3,600.00.
 {¶ 31} Claim #3 concerns Invoice No. 0893 in the amount of $8,139.79 for stone and hauling work (Joint Exhibit 2). Vol. I T. at 31. Ms. Phillips testified appellees were paid $4,170.41 on this invoice, leaving a balance due of $3,969.38. Vol. I T. at 33. Appellee Burson testified he received three checks for this invoice, $1,000.41, $3,000.00, and $650.00, for a total amount of $4,650.41. Vol. II T. at 75, 95-96. Appellant then back charged appellees $3,170.00 for unacceptable work that appellant had to correct. Vol. I T. at 32, 176. Appellees disagreed with the back charge. Vol. II T. at 45, 50. The evidence on the back charging and the method of appellant's computation on the back charge was very much in dispute. Vol. I T. at 33-41. Ms. Phillips credited the invoice with a check in the amount of $4,170.41, but the actual check was written for $1,000.41. Vol. I T. at 33. She denied subtracting the $3,170.00 amount a second time. Vol. I T. at 33, 37-38. The trial court awarded appellees $1,480.41. It is unclear how the trial court arrived at this amount. The trial court subtracted the amounts paid ($4,650.41) from the invoice amount ($8,139.79) and reached a balance of $4,089.38. The trial court then permitted the offset of $3,170.00, and determined the net award to appellees was $1,480.41. We find that in subtracting the amounts paid from the invoice amount, $8,139.79 minus $4,650.41, the remaining balance equals $3,489.38; subtracting the offset ($3,170.00) leaves a balance due of $319.38, not $1,480.41, a difference of $1,161.03.
 {¶ 32} Claim #6 concerns a change order to #25-222 in the amount of $2,000.00 for "fluff" dirt delivered to the Mt. Gilead job site as a result of a hole caused by the *Page 9 
removal of contaminated soil. Appellant's project superintendent, Joseph Musgrave, did not dispute the fact that he signed a quote for the dirt and negotiated the deal, but claimed he did not have any records to establish if appellee Burson did in fact deliver this dirt (Plaintiff's Exhibit F). Vol. I T. at 153, 156-159, 161, 163-164, 168. Mr. Musgrave admitted that appellee Burson delivered fourteen loads of dirt the next day and also delivered another 500 cubic yards of dirt (Plaintiff's Exhibit F-1 and F-2). Vol. I T. at 168-170. Appellant's president, Richard Kirk, testified Mt. Gilead never accepted the change order request because the extra dirt was not required therefore, appellee Burson was not required to deliver the dirt. Vol. II T. at 289. Appellee Burson testified he started delivering the requested dirt the next day. Vol. II T. at 19-22. The trial court found appellant to be less credible on this issue than appellee Burson, and found there was an agreement. The trial court awarded appellees $2,000.00.
 {¶ 33} Upon review, we find appellant is due a credit of $30.30 in Claim #1 and $1,161.03 in Claim #3. Apart from these changes, we find the trial court's decision is supported by the preponderance of the evidence.
 {¶ 34} Assignment of Error III is denied except for the listed changes. *Page 10 
 {¶ 35} The judgment of the Court of Common Pleas of Morrow County, Ohio is hereby affirmed in part and reversed in part.
Farmer, J. Gwin, P.J. concurs.
 Edwards, J. dissents. *Page 11